BREAUX, C. J.
This litigation grew out of the settlement of the estate of Juana Rosa Suarez, widow by first marriage of N. G. Lopez, and wife by second marriage of J. G. Garcia.
She left one heir, E. Lopez, a minor, only heir of the deceased (Mrs. Garcia), being the only surviving issue of the first marriage. B. G. Carbajal is his tutor. In that capacity he administered the estate of Juana Rosa Suarez, the mother. He filed an account, which J. G. Garcia opposed on the ground that in accordance with a marriage contract entered into between him and his late spouse it was agreed that they would be separate in property, and no community would exist. She, it is alleged in this contract, obligated herself to set apart and place under the administration of opponent the sum of $15,000. She never complied with that obligation. It is different with opponent. He alleges that he had economized from his earnings prior to his marriage the sum of $1,200, which he handed to Mrs. Lopez, who afterwards became his wife; that it was all he had, which he now claims. In the marriage contract he made a donation of this amount to his intended wife. He avers it was a donation omnium bonorum, and on that ground it is null and void. He has a right to that sum, a right the tutor seeks to deny him.
Opponent, in substance, alleged: That his wife ostensibly engaged in a small grocery business in his name, all amounting to about $500. She collected all amounts regularly from the business, and a few days prior to her death she sold the grocery, the whole business, for the amount before stated, and receipted for the price which she kept. He did not receive the said sum.
That he devoted all his work in the interest of his wife, and received nothing in comliensation. That at the death of his late wife he was in necessitous circumstances. That his wife died wealthy. He claims the marital fourth.
At the beginning of the trial, upon objection of counsel for the tutor, the court ordered counsel for opponent to elect between his two demands, the one for the $1,200 and the other for the marital fourth. To this ruling of the court counsel for opponent objected, and then elected to prosecute the suit *503 for the marital fourth. The lower court later during the trial came to the conclusion that he had committed an error, and sua sponte rescinded the former ruling, and evidence was admitted to recover both demands.
As relates to the opponent, it is in evidence that at his marriage it was as he alleged. He had nothing save the $1,200 before mentioned which his wife had possession of before his marriage, and which was specially donated by him to her just prior to the marriage, as made evident by the contract entered into at the time. • The promise of the wife to contribute to the expenses during her marriage did not amount to anything. It was a mere empty promise. It follows that the donation by the husband was without consideration; besides, these promises weré distinct and separate from the donation. They were not accepted as consideration. It was not thus intended.
[1] A contention of the tutor (accountant) is that the court should not in any case have rescinded the order directing the opponent to elect whether he claimed the marital fourth or the $1,200.
It is always advisable to correct an erroneous ruling if correction is possible without violating the rules of proceeding.
[2] There had been an error committed, for an opponent can legally claim an amount due him and at the same time the marital fourth in opposition to the account of an administration. . 1-Ie may be a creditor and still be exceedingly poor and entitled to the marital fourth. He should have the right to present the two claims at the same time, as one does not necessarily exclude the other. There was nothing incompatible between them; besides, it was material to let him prove the financial status between him and the estate. -The amount of the estate was comparatively small, only $7,605.74.
The separate rights of opponent, as we have stated, preclude the conclusion that he was very poor and entitled to the marital fourth. He is worth at least the $1,200 before mentioned.
[3] There remains only one other point. Appellant’s contention is that the article of the Civil Code (art. 1497), which prohibits one from divesting by donation himself of all his worldly goods has no application to donations by marriage contract. We cannot agree with that view.
One of the spouses can make to the other what donations he or she thinks proper “under the modifications hereafter expressed.” Civil Code, art. 1743.
He or she can give all “that he might give .to a stranger.” Civil Code, art. 1746.
He cannot make a donation omnium bonorum to his wife any more than to a stranger. The prohibition applies to all alike.
It follows from the foregoing that the donation of $1,200 made by opponent J. S. Garcia is null, and that the amount is due him as a creditor.
As a summary we will add: From the promises laid down by the tutor the conclusion is inevitable, alleged the tutor, the opponent is not entitled to the $1,200 as a creditor. But in laying down that promise the tutor forgets that there is proof positive, not contradicted, it is stated in the marriage contract, that the late Mrs. Suarez received that amount from her husband just prior to the marriage. The promises of Mrs. Suarez and the insignificant grocery business are not considerations for the $1,200 The donation of this last-mentioned sum was entirely gratuitous. It did not become a!n onerous contract after the marriage.
The judgment is affirmed.